# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | |
|---|---|
| JAN BARTZ and DANIEL BARTZ, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 14-3353 |
| ) | |
| WAL-MART STORES, INC., d/b/a,) | |
| WAL-MARTSUPERCENTER, ) | |
| a/k/a WAL-MART STORE #1454, ) | |
| ) | |
| Defendant, ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. Magistrate Judge:

This matter comes before the Court on Third Party Anderson Merchandisers LLC's (Anderson) Motion to Quash Subpoena (d/e 13) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Plaintiff Jan Bartz alleges that she was an employee of Anderson. As part of her duties, she retrieved Anderson merchandise stored in Defendant Wal-Mart, Inc.'s (Wal-Mart) warehouse to place on store shelves at the Wal-Mart Store #1454, located in Quincy, Illinois. Jan Bartz alleges that on December 16, 2012, during the course of her employment with Anderson

she climbed a ladder at a Wal-Mart warehouse to pull a box of merchandise off a shelf. Complaint (d/e 1), ¶¶ 7-15. She alleges that, "the box was not completely full so when she pulled the box towards her the products in the box shifted, the force of which caused plaintiff to lose her balance and fall from the ladder to the ground seriously injuring herself." Complaint, ¶ 16.

Jan Bartz brought this action, alleging claims against Wal-Mart for personal injuries. Complaint, Count I. Plaintiff Daniel Bartz alleged that he is Jan Bartz's husband. He alleged claims for loss of consortium. Complaint, Count II.

Plaintiffs served a subpoena on Anderson by mail, postmarked March 26, 2015. The Subpoena required Anderson to produce documents at counsel for Plaintiffs on April 10, 2015. Anderson moves to quash the subpoena on three grounds: (1) the subpoena failed to set out the text of Federal Rule of Civil Procedure 45(d) and (e); (2) the Plaintiffs failed to include payment of witness fees at the time that the subpoena was served; and (3) the Plaintiffs failed to give Anderson sufficient time prepare a response. The Court addresses each ground separately.

I. Omission of Text of Rule 45(d) and (e)

Parties are required to include the text of Rules 45(d) and (e) with any subpoena. Fed. R. Civ. P. 45(a)(1)(A)(iv). The Plaintiffs failed to comply with this rule. Anderson, however, claims no prejudice resulted from this omission. Rule 45 authorizes the Court to quash a subpoena if the subpoena: fails to allow a reasonable time to comply; requires the person to comply beyond the geographical limits specified in Rule 45; requires disclosure of privileged or otherwise protected material; or subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A). Thus, omission of the text of Rule 45(d) and (e) constitutes grounds for quashing a subpoena if the omission would constitute an undue burden. See Elam v. Ryder Automotive Operations, Inc., 179 F.R.D. 413, 415 (W.D. N.Y. 1998); but see Anderson v. Government of the Virgin Islands, 180 F.R.D. 284, 290-91 (D. V.I. 1998). Absent some prejudice, the Court will not quash the subpoena on this ground. The Court declines to follow the persuasive authority to the contrary in the Anderson case cited by Anderson.[1]

I. Omission of Witness Fee

---

[1] The Court notes that the subpoenas in the Anderson case had numerous material defects in addition to the failure to include the text of Rule 45(d) and (e), including improper service and improper attempt to serve a person far outside the geographical area of the court's subpoena power. Anderson, 180 F.R.D. at 290. The subpoena at issue here had no similar defects. A court in the Virgin Islands also subsequently indicated that the failure to include the text alone without a showing of prejudice would not be a proper basis to quash a subpoena. Bretrand v. Cordiner Enterprises, Inc., 2011 WL 3036128, at *4 (V.I. Super. June 24, 2011).

A party must include payment of a witness fee with a subpoena if the subpoena requires a person's attendance. Fed. R. Civ. P. 45(b)(1). The subpoena served on Anderson only required production of documents. No person's attendance was required. Thus, no fee was required. The Court will not quash the subpoena on this ground.

II. Inadequate Time to Respond

The Plaintiffs mailed the subpoena on Thursday, March 26, 2015. The subpoena commanded Anderson to produce the responsive documents by Friday, April 10, 2015, 15 days later. The Court may quash or modify a subpoena that fails to provide a reasonable time to respond. Fed. R. Civ. P. 45(d)(3)(A)(i). The Court agrees that the time given to respond was inadequate given the volume of materials requested. The Court, therefore, modifies the subpoena as follows: Anderson is directed to produce the responsive unprivileged documents by May 15, 2015. Anderson may withhold any privileged documents, but must provide by May 15, 2015, a privilege log that meets the requirements of Federal Rule of Civil Procedure Rule 26(b)(5)(A). Anderson may designate any produced documents as confidential. The parties and their attorneys may not use or disclose the contents of any documents so designated except to

conduct discovery in this case or to litigate this case, or pursuant to subsequent order of this Court.

THEREFORE, Third Party Anderson Merchandisers LLC's Motion to Quash Subpoena (d/e 13) is ALLOWED in part and DENIED in part.

Enter: April 29, 2015

                /s Tom Schanzle-Haskins
            UNITED STATES MAGISTRATE JUDGE